UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GILBERT RAMIRO GONZALEZ,

       Movant,

                                                                                 File No. 1:12-CV-906

v.

                                                                                 HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.

_____/

**O P I N I O N**

This matter is before the Court on Movant Gilbert Ramiro Gonzalez's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Dkt. No. 1, Mot. Vacate.) For the reasons that follow, this motion will be denied.

**I.**

The grand jury indicted Movant on six counts. (1:10-CR-148, Dkt. No. 1, Indictment.) On October 5, 2010, Movant pled guilty to two of the six counts pursuant to an agreement with the U.S. Attorney's Office: (1) Count II, conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(ii), and 851; and (2) Count IV, felon in possession of firearms, in violation of 18 U.S.C. 922(g)(1). (1:10-CR-148, Dkt. No. 53, Plea Agreement.) Movant appealed, and his appeal was dismissed pursuant to an appeal waiver on August 23, 2011. (1:10-CR-148, Dkt. No. 77, Order.) On August 27, 2012, Movant filed the present § 2255 motion. (Mot. Vacate.) For the reasons that follow, this motion will be denied.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

In reviewing a § 2255 motion where factual disputes arise, "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The Court must grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §

2255(b). No evidentiary hearing is required if the allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine,* 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

### III.

Movant asserts that he: (1) was provided with ineffective assistance of counsel; (2) did not knowingly and voluntarily enter the appeal waiver; (3) did not understand the charges against him; and (4) should receive a downward departure for significantly reduced mental capacity. Movant waived his right to § 2255 collateral attacks in his plea agreement (1:10-CR-148, Plea Agreement 7 ¶ 10.) None of these claims are properly before this Court as a result.

Plea agreement waivers of § 2255 rights are generally enforceable. *See Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). Valid plea agreement waivers must be entered into "knowingly, intelligently, and voluntarily." *Id.* at 451. A collateral attack waiver generally does not bar review of claims "that go to the very validity of a guilty plea." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Thus, Movant may properly assert that his § 2255 waiver was not entered into knowingly, voluntarily, or that the agreement was a product of counsel's ineffective

3

assistance. *See id.*, n. 2. Movant did not attack the validity of his § 2255 waiver in this manner and, consequently, the terms of the plea agreement bar all § 2255 claims.

Movant does, however, attack the validity of the plea agreement's appeal waiver. (Mot. Vacate, Ex. 1 at 7.) Movant asserts that the appeal waiver was not entered into voluntarily or knowingly. *Id*. Movant supports this assertion with two arguments: (1) the waiver was without his knowledge because depression and schizophrenia diminished his mental capacity and ability to understand the waiver; and (2) the waiver was not voluntary because the sentencing consequences of his career offender status were not explained to him. *Id*.

Assuming Movant also used these arguments to attack his § 2255 waiver, Movant would still not be entitled to relief. As shown by the record, Movant voluntarily agreed to the plea agreement, carefully discussed the plea agreement with his attorney, and was advised of his legal rights and the consequences of entering the plea agreement. (1:10-CR-148, Dkt. No. 75, Plea Tr. 3-5.) Movant acknowledged that he was satisfied with his attorney's representation. *Id*. at 5. The record does not support Movant's argument that sentencing consequences were not explained. Similarly, the record clearly contradicts Movant's contention that he suffered a mental illness that prevented him from understanding the agreement.

> THE COURT: Is there anything mentally or physically at this time that would affect you and your ability to understand these proceedings?
>
> DEFENDANT GONZALEZ: No.

*Id*. The Presentence Report confirms that Movant suffered from depression and

4

schizophrenia. (Presentence Rep. 19 ¶ 116.) The Community Mental Health Authority of Clinton, Eaton, and Ingham Counties treated Movant's mental illness starting in 2007. *Id*. The medical records show Movant was prescribed Seroquel, Lamictal, and Prozac to treat his mental illness. *Id*. Movant testified that these mental conditions did not affect his understanding of the plea agreement. The arguments Movant now provides to the contrary are merely conclusory. Movant asserts that he did not understand the agreement because his diagnosed mental illness diminished his mental capacity. No evidence is provided to suggest why Movant's prior testimony should not be credited or how Movant's mental illness impacted his understanding. This Court will not entertain Movant's conclusory assertions. The record shows Movant entered the agreement knowingly, intelligently, and voluntarily.

The record further shows that defendant was made specifically aware of Paragraph 10 of the plea agreement, which contained the waiver of appeal and collateral attack.

> THE COURT: Okay. Has anyone threatened you, then, as it pertains to this plea to these counts today?
>
> DEFENDANT GONZALEZ: No.
>
> THE COURT: Are you pleading guilty, then, freely and voluntarily at this time?
>
> DEFENDANT GONZALEZ: Yes.
>
> THE COURT: Do you understand and has your lawyer told you that as to Paragraph 10 of the plea agreement, there are certain rights to appeal which you would be giving up by entering into this plea agreement at this time? Do you understand that and do you recall having discussed this matter with your attorney, Mr. Ferrer?

5

>    DEFENDANT GONZALEZ: Yes.

*Id.* at 10. Movant's contention that the agreement was not entered into knowingly and voluntarily cannot be accepted as true in light of this testimony. Again, the record clearly shows Movant entered into the appeal and collateral attack waiver knowingly, intelligently, and voluntarily. Movant is entitled to no relief.

## IV.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.

Dated: <u>June 27, 2013</u>    /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE